# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Halima Shugri,   Civil No. 14-3443 (DWF/LIB)

    Plaintiff,

v.   **MEMORANDUM OPINION AND ORDER**

Home Depot USA and
City of Plymouth,

    Defendants.

---

Michael A. Fondungallah, Esq., Fondungallah & Kigham, LLC, counsel for Plaintiff.

Ryan M. Zipf, Esq., League of Minnesota Cities, counsel for Defendant City of Plymouth.

Benjamin M. Weston, Esq., and Gregory M. Lederer, Esq., Lederer Weston Craig PLC; and Michael S. Ryan, Esq., and Kathryn R. Downey, Esq., HKM Law Group, counsel for Defendant Home Depot U.S.A., Inc.

---

# INTRODUCTION

This matter is before the Court on a Motion to Dismiss brought by Defendant City of Plymouth (Doc. No. 12) and a Motion to Dismiss brought by Defendant Home Depot U.S.A., Inc. ("Home Depot") (Doc. No. 24). For the reasons set forth below, the Court grants both motions.

## BACKGROUND

In her complaint, Plaintiff Halima Shugri ("Shugri" or "Plaintiff") makes the following allegations. Shugri is an African female who resides in Plymouth, Minnesota and who is a practicing Muslim. (Doc. No. 4 ("Am. Compl.") ¶¶ 2, 11.)

On May 8, 2012, Shugri went shopping for window blinds with her mother (Aweys Hassan), daughter (Nafisa Iman), and contractor (Kim Nunn ("Nunn")) at one of Home Depot's stores in Plymouth, Minnesota. (*Id.* ¶ 12.) A Home Depot associate assisted them with the blinds and Shugri paid for the blinds at the checkout register. (*Id.* ¶ 13.) After paying for the blinds, they began walking out with the blinds on a cart; Nunn pushed the cart. (*Id.* ¶ 14.) Nunn was then stopped by a Home Depot employee and asked for a receipt while Shugri walked with her mother. (*Id.* ¶ 15.) Shugri alleges that other white customers were not being stopped. (*Id.*) Nunn asked the employee why other white customers were not being stopped and the employee again requested a receipt from Nunn. (*Id.*) Nunn walked away without showing a receipt and then loaded the blinds into Shugri's van; he then went to his car, from which he followed Shugri as she left Home Depot. (*Id.* ¶¶ 15, 16.)

Shortly thereafter, Shugri was pulled over on County Road 6. (*Id.* ¶ 17.) Shugri rolled down her window and the officer asked her to get out of the car and allegedly did not tell her why she was being stopped. (*Id.* ¶¶ 17, 18.) Shugri alleges that she was fully cooperative, but was repeatedly patted down, which was particularly humiliating as a Muslim woman. (*Id.* ¶ 19.) Shugri was then placed in the squad car and her mother was ordered back into Shugri's van when she exited to see what was going on. (*Id.* ¶ 20.)

After approximately thirty minutes, a Home Depot employee arrived.  (*Id.* ¶ 21.)  At that time, Shugri gave the officer her receipt.  (*Id.*)  The employee and officer checked the purchase against the receipt.  (*Id.*)  Shugri and her family were then told they were free to go.  (*Id.*)

According to Shugri, she learned the Home Depot store manager had called the police.  (*Id.* ¶ 22.)  Shugri returned to Home Depot and spoke with the manager about how Home Depot had treated her.  (*Id.*)  Shugri alleges that the manager did not apologize and said it was simply a misunderstanding.  (*Id.* ¶ 23.)  Shugri also alleges that the manager asked her to stop crying in the front of the store and asked her to leave, but also refunded her money for the blinds.  (*Id.* ¶ 24.)

In her Amended Complaint, Shugri asserts the following claims:  (1) Consumer Racial Profiling in Violation of 42 U.S.C. § 1981 (Count I); (2) Race Discrimination in Violation of Minn. Stat. § 363A.12, subd. 1 (Count II); (3) Police Misconduct in Violation of the Fourteenth Amendment (Count III); (4) Violation of the Minnesota Human Rights Act ("MHRA"), Minn. Stat. § 363A.14 (Count IV); and (5) punitive damages and attorney's fees (Counts V and VI).  (*Id.* ¶¶ 25-42.)

Home Depot and the City of Plymouth (together, "Defendants") both, but separately, now move to dismiss the complaint in its entirety. (Doc. Nos. 12 & 24.)  The City of Plymouth moves to dismiss Counts I, III, IV, and the punitive damages and attorney's fees claims (Counts V and VI) (Doc. Nos. 12 & 14), and Home Depot moves to dismiss Counts I and II, and the punitive damages and attorney's fees claims (Counts V and VI) (Doc. Nos. 24 & 26).

3

**DISCUSSION**

I.   **Legal Standard**

In deciding a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court assumes all facts in the complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the complainant. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). In doing so, however, a court need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions drawn by the pleader from the facts alleged. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). A court may consider the complaint, matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint in deciding a motion to dismiss under Rule 12(b)(6). *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. As the United States Supreme Court reiterated, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the claim]." *Twombly*, 550 U.S. at 556.

## II. Home Depot's Motion to Dismiss

### A. Count I - Consumer Racial Profiling in Violation of 42 U.S.C. § 1981

Plaintiff asserts that her right to "make and enforce contracts" was violated by Home Depot's actions. Under § 1981, all persons "shall have the same right" to "make and enforce contracts" without respect to race. 42 U.S.C. § 1981(a); *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006); *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 854 (8th Cir. 2001). The ability to "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b); *Domino's Pizza*, 546 U.S. at 474. However, as Defendant notes, there is no general cause of action for race discrimination under § 1981. *Youngblood*, 266 F.3d at 855. Instead, to state a claim under § 1981, a retail plaintiff must "allege that [s]he was actually denied the ability to make, perform, enforce, modify, or terminate a contract, or to enjoy the fruits of a contractual relationship, by reason of race-based animus." *Garrett v. Tandy Corp.*, 295 F.3d 94, 100-101 (1st Cir. 2002); *Williams v. Lindenwood Univ.*, 288 F.3d 349, 355 (8th Cir. 2002) (to state a claim for racial discrimination under § 1981 a plaintiff must show that "the defendant intended to discriminate against him on the basis of race"). In the Eighth Circuit, in the situation of a contractual relationship based on a purchase in a retail setting, no contractual duty continues to exist after a purchase is completed. *Youngblood*, 266 F.3d at 854.

Here, Home Depot argues that Plaintiff fails to allege she was denied the ability to make or enforce a contract and that therefore her claim fails as a matter of law. Home Depot further argues Plaintiff's claim fails because the allegedly discriminatory conduct occurred against her contractor, Nunn, and not Plaintiff herself.[1]

Plaintiff counters with two points. First, Plaintiff asserts that because she was assisted and someone was with her until she paid, there could be no suspicion that she had stolen or had otherwise done something wrong that would have necessitated Home Depot's actions. Second, Plaintiff characterizes § 1981 protections to include post-contracting interactions like the ability "to exit the premises of a retailer with the item purchased," which Plaintiff describes as a part of her right to be able to "enjoy the benefits or privileges of the transaction." (Doc. No. 33 at 5.)

The Court disagrees with Plaintiff. The law in the Eighth Circuit is clear that there must be interference with a contract to state a § 1981 claim and that there is no claim based on a general expectation of shopping without discrimination. *See Youngblood*, 266 F.3d at 854-55 ("Section 1981 does not provide a general cause of action for race discrimination"); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 470 (8th Cir. 2009) (declining to interpret § 1981 claims to allow that "a shopper need only enter a retail establishment to engage in protected activity"). Thus, once a purchase has been completed, no

---

[1] Defendant Home Deport asserts that Plaintiff does not have standing to bring a § 1981 claim because Plaintiff's contractor, Nunn, was stopped and subjected to the allegedly discriminatory conduct, not Plaintiff herself. While the Court believes that Defendant is likely correct, the Court need not address this issue because whether it was Plaintiff or Nunn who was stopped, Plaintiff would still fail to state a claim because all of the allegedly discriminatory behavior occurred *after* the purchase was completed. The Court recognizes that standing is a threshold issue, but, here, the issue is moot.

contractual duty remains that could support a § 1981 claim (unless an additional contractual duty is created after the purchase is made). *Youngblood*, 266 F.3d at 854-55.

Here, even "assum[ing] all facts in the complaint to be true and constru[ing] all reasonable inferences from those facts in the light most favorable to the complainant," the allegations show, and Plaintiff does not dispute, that she successfully completed her purchase. Plaintiff went to the store looking for blinds, was assisted with obtaining blinds, was walked to the register by an employee with the blinds, and then paid for the blinds. (Am. Compl. ¶¶ 12-14.) Further, Plaintiff kept and was even reimbursed for the blinds. (*See generally* Am. Compl.) Plaintiff makes no allegations about any difficulty purchasing the blinds or about discriminatory conduct while she was purchasing the blinds at the Home Depot store. (*See id.*) Thus, Plaintiff's contract was successfully concluded and there was no interference with a contract. Further, as Home Deport points out, after the purchase was completed, it was not even Plaintiff herself who was stopped—it was her contractor, Nunn. *Domino's Pizza*, 546 U.S. at 479-80 ("A plaintiff cannot state a claim under § 1981 unless he has (or would have) rights under the existing (or proposed) contract that he wishes 'to make and enforce.' Section 1981 plaintiffs must identify injuries flowing from a racially motivated breach of *their own contractual relationship*, *not of someone else's*.") (emphasis added). Additionally, in this case, nothing happened "after the sale [that] created any further contractual duty" and there are no allegations relating to any potential further contractual duties. *Youngblood*, 266 F.3d at 854 (distinguishing cases where actions after the completed sale created an additional

7

contractual duty, such as the proffer of a coupon that the plaintiff had a contractual right to redeem).

In sum, Plaintiff fails to make any allegations that there was any interference with her ability to "make and enforce" a contract. Instead, Plaintiff points only to a general expectation of being treated without discrimination while shopping, which does not support a § 1981 claim. *See id.* As a result, Plaintiff fails to state a claim under which relief can be granted and the Court grants Home Depot's motion to dismiss Count I.

**B.     Count II - Race Discrimination in Violation of Minn. Stat. § 363A.12**

Plaintiff asserts a claim against Home Depot under the MHRA. An action must be brought within forty-five days after the receipt of notice that the Minnesota Department of Human Rights ("MDHR") dismissed a charge. Minn. Stat. § 363A.33, subd. 1.

In this case, Plaintiff commenced her action fifty-eight days after the MDHR's dismissal. Therefore, Plaintiff's Count II MHRA claim against Home Depot was untimely. Furthermore, "Plaintiff concedes that her Minnesota Human Rights claims are untimely." (Doc. No. 33 at 8.) Consequently, Count II against Home Depot is dismissed.

**III.     City of Plymouth's Motion to Dismiss**

**A.     *Monell* Claims**

To the extent Plaintiff seeks to allege *Monell* claims against the City of Plymouth, such claims fail. A municipality can only be held liable if a plaintiff can show that the municipality is "the moving force of the constitutional violation," and a municipality can only be held liable for the actions of its employees where those actions are implementing

an unconstitutional custom or policy. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Neither requirement is present or alleged here. Plaintiff's complaint contains no factual allegations pointing to any police department policies or customs of "consumer racial profiling" and further contains no factual allegations relating to the police department's failure to train. Plaintiff's complaint must include specific facts demonstrating the existence of the policy or custom that she alleges to have caused the constitutional violation, but it does not. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013). Specifically, with respect to Plaintiff's argument that the police officer's actions show that the police "fail to train" officers on how to treat Muslim women fails because Plaintiff does not allege any facts in the complaint showing police department policies or a lack thereof relating to this issue.

    **B.  Count I - Consumer Racial Profiling in Violation of 42 U.S.C. § 1981**

Plaintiff appears to assert that the City of Plymouth violated her rights under § 1981 when the police stopped her. It appears that Plaintiff alleges that the City of Plymouth's discrimination was in the form of denying Plaintiff the right to make and enforce contracts by "racial and religious profiling." *(See* Am. Compl. ¶ 32.)

As above, Plaintiff similarly fails to allege that the City of Plymouth actually interfered with Plaintiff's contractual activity in any way. To state a claim that the City of Plymouth violated § 1981, Plaintiff must allege that the City of Plymouth engaged in prohibited discrimination that related to alleged contractual activities and must allege that the City of Plymouth acted on the basis of race. *See Lindenwood Univ.*,

9

288 F.3d at 355.  Instead, the complaint alleges that a police officer responded to a call of shoplifting from Home Depot and that the police officer then conducted a traffic stop of the specifically identified vehicle.  The allegations regarding the City of Plymouth police thus do not involve motivation by race and, instead, involve motivation by a Home Depot phone call relating to potential shoplifting.  (*See Generally* Am. Compl.)  More importantly, as alleged, the police officer had no involvement in any way in any contractual relationship; the stop was indisputably after Shugri had completed her purchase of the blinds at issue.  *See Youngblood*, 266 F.3d at 854 (a contractual relationship ends after a purchase is completed).  And, again, Plaintiff points to no factual allegations supporting a claim of failure to train.  Thus, Plaintiff's § 1981 claim against the City of Plymouth must be dismissed.

      **C.**    **Count III - Police Misconduct in Violation of the Fourteenth Amendment**

Plaintiff also appears to assert some sort of general Fourteenth Amendment violation claim—perhaps under 42 U.S.C. § 1983.  First, assuming Plaintiff is proceeding under § 1983, Plaintiff's complaint does not allege a specific underlying violation of constitutional rights and instead appears to generally refer to the Fourteenth Amendment.  Second, as the City of Plymouth notes, Plaintiff's allegations relating to the "failure to warn prior to frisking" do not amount to a Fourteenth Amendment violation as a matter of law.  *See, e.g.*, *Arizona v. Johnson*, 555 U.S. 323, 331 (2009) (citations omitted) (ordering a driver out of the vehicle and conducting a pat down is reasonable when a stop is justified by suspicion).  Further, under the objective reasonableness standard, the police

officer in this case conducted a protective search in response to a direct call of potential shoplifting—this cannot amount to a constitutional violation as alleged. *See United States v. Banks*, 553 F.3d 1101, 1105 (8th Cir. 2009). And, again, Plaintiff points to no factual allegations supporting a claim of failure to train. In sum, Plaintiff's allegations fail to state a plausible claim for a violation of the Fourteenth Amendment against the City of Plymouth and must be dismissed.

        **D.**    **Count IV - Violation of Minnesota Human Rights Act, Minn. Stat. § 363A.14**

As explained above in Section II.B., Plaintiff's MHRA claims are untimely and Plaintiff concedes that her claims are untimely. As a result, Plaintiff's Count IV MHRA claim against the City of Plymouth is dismissed.[2]

**IV.**    **Counts V and VI**

In light of the fact that all of Plaintiff's claims are being dismissed under Rule 12(b)(6), Plaintiff's claims for punitive damages and attorney's fees must also be dismissed.

**V.**    **Amend pleadings**

In her response memorandum, Plaintiff requests the opportunity to amend her complaint should this Court decides to dismiss her claims. She requests the opportunity to amend pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. As Defendant notes, Plaintiff appears to misconstrue Rule 12(e), which relates to an opposing party's

---

[2] Although unclear to the Court, to the extent Plaintiff seeks to assert Count II against the City of Plymouth, that Count is dismissed for the same reasons Count II was dismissed against Home Depot and Count IV is dismissed against the City of Plymouth.

ability to request a more definite statement from another party in order to respond. *See* Fed. R. Civ. P. 12(e). Plaintiff cannot move for a more definite statement of her own pleadings. Further, Plaintiff has already amended her complaint one time. Additional amendment would be futile. Thus, the Court declines to allow Plaintiff leave to amend her pleadings.

## CONCLUSION

Plaintiff's complaint fails to state plausible claims under Rule 12(b)(6). As a result, the Court dismisses all claims with prejudice and grants both of Defendants' motions to dismiss. However, the Court also notes that it appears to the Court that, unfortunately, the underlying interaction at Home Depot was likely driven by race. Moreover, while any type or degree of racial profiling, as likely occurred in this case, offends this Court, on the record before the Court, it is not actionable conduct for the reasons stated. In this case, such behavior, particularly when not directed at the Plaintiff herself, cannot support the claims asserted as a matter of law. In the event the parties, by agreement, want to seek the assistance of the Magistrate Judge to bring this case to a close in the context of the Court's decision, as opposed to an appeal of the Court's decision, the Court will make itself available for that purpose.

## ORDER

Based on the files, record, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant City of Plymouth's Motion to Dismiss (Doc. No. [12]) is **GRANTED**.

2. Defendant Home Depot U.S.A., Inc.'s Motion to Dismiss (Doc. No. [24]) is **GRANTED**.

3. Plaintiff Halima Shugri's Complaint (Doc. No. [1]) and all counts therein are **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 16, 2015            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge